UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DEMOS P. DEMOPOULOS, LOUIS             *
ABRAMSON and ROBERT PATRIZIO, as    *
Trustees and Fiduciaries of the LOCAL 584   *
PENSION TRUST FUND,                *     Index No. _____
                                       *
                  Plaintiffs,  *
                                       *
       - against -                 *
                                       *
SWEET CLOVER FARMS INC.,           *
                                     *
                  Defendants.  *
------------------------------------------------------------------X

## COMPLAINT

The Trustees and Fiduciaries of the Local 584 Pension Trust Fund (the "Fund") (the individuals named in the caption as trustees of the fund at issue shall be collectively referred to herein as the "Trustees" or "Plaintiffs"), by their attorneys, Friedman & Anspach, complaining of Defendant Sweet Clover Farms Inc., allege as follows:

### INTRODUCTION

1.      Plaintiffs seek to recover withdrawal liability pursuant to the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001-1461 ("ERISA"), and the trust agreement governing the Fund (the "Trust Agreement").

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter pursuant to Sections 502(e), 502(f) and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), 1451(c).

3.      Venue lies in this District pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), because the Defendant is located within the District.

1

PARTIES

4.      The Fund is an employee benefit plan within the meaning of Section 3(3) of

ERISA, 29 U.S.C. § 1002(3).  It was established pursuant to the terms of various collective

bargaining agreements between Local 584 I.B.T., which was a labor organization representing

employees in an industry affecting commerce, and various employers who are required to make

contributions to the Fund on behalf of their employees covered by the collective bargaining

agreements.  The Fund provides various pension benefits to covered employees, retirees, and their

dependents.  The Fund is operated pursuant to the terms of the Trust Agreement

5.      The Fund's principal office is located at 265 West 14th Street, Suite #902,

New York, New York 10011.

6.      The Trustees are the "plan sponsor" within the meaning of Section

3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).  The Trustees are fiduciaries of the Fund, as

defined by Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

7.      Defendant is a New York corporation that maintains and/or maintained its

principal place of business at 156-02 Liberty Ave, Jamaica, NY 11433.

WITHDRAWAL LIABILITY

8.      Plaintiffs repeat and re-allege the allegations contained in paragraphs 1

through 9.

9.      At all relevant times, Defendant was a party to and bound by a series of

collective bargaining agreements with Local 584, I.B.T. or its successor union, Local 553, I.B.T.

Pursuant to these agreements, Defendant was obligated to pay and in fact did pay contributions

to the Fund on behalf of employees covered by said agreements, and was bound to the terms of

the Trust Agreement governing the Fund.

2

10.     According to the Fund's records, Defendant permanently ceased to have an obligation to contribute to the Fund during the Fund's plan year ending March 31, 2017. Pursuant to ERISA § 4203(a), 29 U.S.C. § 1383(a), such permanent cessation of Defendant's obligation to contribute to the Fund constitutes "complete withdrawal" from the Fund.

11.     Pursuant to ERISA § 4201, 29 U.S.C. § 1381, Defendant is obligated to pay withdrawal liability to the Fund for its proportionate share of the Fund's unfunded vested benefits. In accordance with ERISA § 4211, 29 U.S.C. § 1391, and the applicable provisions of the Trust Agreement, the Fund has calculated Defendant's withdrawal liability to be $3,327,785.00.

12.     By letter dated May 4, 2017 (attached hereto as "Exhibit A"), in accordance with ERISA § 4219(b)(1), 29 U.S.C. § 1399(b)(1), and Article VIII, Section 5(a)(I) of the Trust Agreement, the Fund sent Sweet Clover a written demand for payment of its withdrawal liability, including a payment schedule, according to which Sweet Clover was obligated to pay 80 quarterly payments of $15,374.74 per quarter commencing on June 1, 2017.

13.     Sweet Clover did not contest the Trustees' finding that it had withdrawn from the Fund nor did it challenge the Fund's withdrawal liability assessment.

14.     Sweet Clover failed to make the initial quarterly payment of $15,374.74 due on June 1, 2017. To date, Sweet Clover has not made the initial quarterly payment or any subsequent payments.

15.     By letter dated July 31, 2017, the Trustees notified Sweet Clover of its failure to make its withdrawal liability payments, and informed it that it had sixty (60) days to cure its default and make its withdrawal liability payments.

3

16.     Sweet Clover did not cure its failure to make quarterly withdrawal liability payments. Thus, by failing to make its quarterly withdrawal liability payments within sixty (60) days of receiving notice of such failure, Sweet Clover defaulted on its withdrawal liability obligations to the Fund under the provisions of ERISA Section 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A), and the Trust Agreement. The entire outstanding balance of its withdrawal liability ($3,327,785.00), plus interest running from June 1, 2017, the date the first payment was due, is therefore due and owing pursuant to ERISA Sections 515 and 4219(c)(5), 29 U.S.C. §§ 1145, 1399(c)(5), and Article VIII, Section 5 of the Trust Agreement.

17.     In accordance with ERISA Sections 502(g)(2)(B) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(B) and 1451(b), and 29 C.F.R. § 4219.32, the Fund is entitled to receive interest at the rate of eighteen percent (18%) per annum on delinquent withdrawal liability payments from the date due to the date the delinquency is paid.

18.     In accordance with ERISA Sections 502(g)(2)(C)-(D) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(C)-(D) and 1451(b), Sweet Clover is obligated to pay the greater of liquidated damages in the form of twenty percent (20%) of the unpaid amount due and owing, or additional interest in the amount set forth above, plus costs and attorneys' fees.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment against Sweet Clover for withdrawal liability in a total amount of $3,327,785.00 pursuant to ERISA Section 4219(c)(5), 29 U.S.C. § 1399(c)(5), and ERISA Section 515, 29 U.S.C. § 1145; plus interest at the rate of eighteen percent (18%) per annum from the date due until the date on which judgment is entered; plus the greater of liquidated damages in the amount of twenty percent (20%) of its outstanding withdrawal liability, or additional interest in an amount equal to the interest

described above; plus attorneys' fees and costs; plus such other relief as the Court deems

appropriate.


Dated: December 13, 2017
          New York, New York

                                          /s/
                                          Paris Nicholls (PN-9891)

                                          FRIEDMAN & ANSPACH
                                          1500 Broadway, Suite 2300
                                          New York, New York 10036
                                          (212) 354-4500
                                          pnicholls@friedmananspach.com

                                          Attorneys for Plaintiffs


4837-4005-0264, v.  1

# EXHIBIT A

# LOCAL 584 PENSION TRUST FUND
## 265 WEST 14TH STREE #902
## NEW YORK NY 10011
## (212) 528-1998

May 2, 2017

Sweet Clover Farms Inc.
155-25 Styler Road
Building D
Jamaica, New York 11433

RE:    Notice and Demand for Payment of Withdrawal Liability

Dear Employer:

The Trustees of the Local 584 Pension Fund ("Fund") have determined that Sweet Clover Farms, Inc. ("Company") effected a complete withdrawal from the Fund within the meaning of Section 4203(a) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") during the plan year ending March 31, 2017.  In accordance with Section 4219(b) (1) of ERISA, the Trustees hereby demand payment of your withdrawal liability as described below.

The Multiemployer Pension Plan Amendments Act of 1980 (MPPAA), signed into law on September 26, 1980, requires assessment of withdrawal liability on an employer that withdraws from the Plan. Under the law, an employer has withdrawn completely if it has permanently ceased operations under the Plan or has permanently ceased to have an obligation to contribute to the Fund.

The Trustees of the Fund adopted the "one-pool" method: under Section 4211(c) (3) of ERISA for the calculation and allocation of unfunded vested benefit liability for withdrawal purposes.

Under this method, an employer's withdrawal liability is determined by allocating to the employer a prorated share of the unfunded value of the Fund's vested benefits as of the end of the plan year preceding the year of withdrawal.  That unfunded value is reduced by the amount of any outstanding withdrawal liability payments that are reasonably expected to be collected.

The Fund's Actuary has computed the Company's withdrawal liability to be **$3,329,785.00** based on a withdrawal from the Fund during the plan year ending March 31, 2017.

– 2 –                                                                                                    May 4, 2017

The Company's withdrawal liability payments have been limited to 20 years as per ERISA 4219(c).   This withdrawal liability is to be paid in **80 quarterly payments of $15,374.74 per quarter**. The first payment is due June 1, 2017. Payment should be made directly to the order of the Local 584 Pension Fund and forwarded to the address above.  Late withdrawal liability payments shall be subject to an assessment of interest.   Interest shall be charged on any late payment from the date the payment was due to the date it is paid at a rate of 18% per annum.

You should be aware that the Company is entitled to prepay the full amount of its withdrawal liability (plus accrued interest, if any) in whole or in part, without penalty.  The Fund's Actuary has computed the present value of the withdrawal liability payments to be $656,073.00.  Please advise us as soon as possible as to whether the Company would prefer to avail itself of this prepayment option.

Pursuant to Section 4219(a) of ERISA, please advise the undersigned, within 30 days, whether the Company is or has been since December 31, 1974 a member of a group of trades or businesses under common control ("controlled group") within the meaning of ERISA Section 4001(b)(1) and Sections 414 and 1563 of the Internal Revenue Code.  If the Company is or was a member of a controlled group, please provide the individual or business names and addresses of each entity within the controlled group.

Within 90 days of this letter, the Company has the right to:

1. Ask the Trustees to review any specific matter relating to the determination of the Company's withdrawal liability and the schedule of payments;
2. Identify any inaccuracy in the determination of the amount of the unfunded vested benefits allocable to the Company.
3. Furnish any additional relevant information to the Trustees.

If you fail to request review of this withdrawal liability determination within ninety (90) days of the date of this Notice, you waive your right to contest this withdrawal liability determination.  Under Section 4219(c) of ERISA, withdrawal liability payments must be made ""notwithstanding any request for review or appeal of determinations of the amount of such liability."

Payment is due in accordance with the payment schedule referenced above even if the Company disputes the determination of its withdrawal liability.  If the Fund Office fails to receive the timely payment, the Company will be notified in writing.  If payment is not made within 60 days of the Company's receipt of this notification, a default may be declared and the full amount due from the date of nonpayment may become due in accordance with Section 4219(C)(5) of ERISA. In addition, in the event of a default, the Trustees may initiate legal action to

– 3 –                                                                    May 4, 2017

collect the withdrawal liability, as well as interest at the rate of 18% per annum, liquidated damages, court costs, and attorney fees.

Thank you in advance for your anticipated cooperation.

Sincerely,

Sandy Nicosia
Acting Fund Manager

cc:     Demos P. Demopoulos, President Local Union 553
        Eugene Friedman, Esq.
        Cliff Chaiet, Esq.
        Board of Trustees

4843-7420-7047, v. 1